Suit by the State, on relation of E.L. Hardin and others, against Douglas Walker and others to restrain defendants from maintaining a gambling establishment. Judgment for defendants, and relators appeal.
Affirmed.
Relators, citizens of Escambia County, filed a bill of complaint seeking to restrain the appellees from maintaining on Santa Rosa Peninsula a gambling establishment known as Surf Club, which was charged to be injurious to the manners and morals of the people of the county. The situation is complicated by the fact that although the peninsula juts into Pensacola Bay, in close proximity to the city, it is not a part of Escambia County but of the adjoining county of Santa Rosa.
Nuisances of this character are denounced in Section 823.05, Florida Statutes, 1941, and F.S.A., and maintenance of them is an indictable offense, Section 823.01. The question here presented turns on the authority of these particular relators to invoke the provisions of the statutes by suit for injunction. There is no suggestion that they suffer damage peculiar to themselves, but only that they, as citizens, have a right to shield the community of which they are members from the ill effects of a gambling house.
Relators concede that any right they have to proceed individually, without the aid of the Attorney General, is statutory, National Container Corporation v. State ex rel. Stockton, 138 Fla. 32, 189 So. 4, 122 A.L.R. 1000, and they rely on Section 64.11, Florida Statutes, 1941, and F.S.A., which provides that any nuisance defined in Section 823.05 may be enjoined by certain prosecuting officers "or any citizen of thecounty * * * in the name of the State of Florida upon the relation of such attorneys or citizen * * *." (Italics supplied.)
Relators' thought is that the law protects the community as distinguished from the county; that the power invoked is that of the state; that the "county" referred to in the last section is in this instance the county affected and not the county where the nuisance is alleged to be maintained. Their argument is not wholly lacking in logic or cogency, nor are their motives impugned; however, their authority to act as they have attempted must spring from the statute, and we have not found it there.
Returning to the statute which is the source of relators' right to sue, we find that those who may do so fall into four categories: The state attorney, the county solicitor, the county prosecutor, a citizen of the county. Certainly any such suit instituted by one of the attorneys acting in his official capacity would have to be brought by him in the county where he had jurisdiction. It would be unsound to decide that the county solicitor of the *Page 799 
county "affected" (Escambia) could bring suit in the county where the nuisance existed (Santa Rosa). We do not find reason to hold that a suit by state attorney, county solicitor or prosecuting attorney would be necessarily filed in the county where he had jurisdiction, the county where the nuisance existed, but that any citizen in the county affected who took a notion could do so. We construe the words "of the county" to apply to all four, and it is our opinion that any citizen undertaking to restrain the nuisance described in the bill could act in the name of the state only if resident in Santa Rosa County.
Affirmed.
ADAM, C.J., and TERRELL and BARNS, JJ., concur.